IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUEST LICENSING CORPORATION<br><br>          Plaintiff,<br><br>     v.<br><br>BLOOMBERG L.P. AND<br>BLOOMBERG FINANCE L.P.,<br><br>          Defendants. | Civil Action No. 14-561-GMS<br><br>**Jury Trial Demanded** |
| QUEST LICENSING CORPORATION<br><br>          Plaintiff,<br><br>     v.<br><br>FACTSET RESEARCH SYSTEMS INC.<br><br>          Defendant. | Civil Action No. 14-562-GMS<br><br>**Jury Trial Demanded** |
| QUEST LICENSING CORPORATION<br><br>          Plaintiff,<br><br>     v.<br><br>INTERACTIVE DATA<br>CORPORATION<br><br>          Defendant. | Civil Action No. 14-563-GMS<br><br>**Jury Trial Demanded** |

| | |
|---|---|
| QUEST LICENSING CORPORATION<br><br>                      Plaintiff,<br><br>     v.<br><br>SUNGARD DATA SYSTEMS INC.<br><br>                      Defendant. | Civil Action No. 14-564-GMS<br><br>**Jury Trial Demanded** |
| QUEST LICENSING CORPORATION<br><br>                      Plaintiff,<br><br>     v.<br><br>THE CHARLES SCHWAB CORPORATION and CHARLES SCHWAB & CO. INC.,<br><br>                      Defendants. | Civil Action No. 14-727-GMS<br><br>**Jury Trial Demanded** |

## **JOINT PROPOSED SCHEDULING ORDER**

This _____ day of _____ 2014, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on September 30, 2014, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

     IT IS ORDERED that:

     **1.**    **Patent Office Review**. In Civil Action Nos. 14-561-GMS and 14-727-GMS, the Bloomberg and Charles Schwab defendants have filed a challenge with the Patent Trial and Appeals Board of the USPTO with respect to every claim of the patent-in-suit. Bloomberg and Charles Schwab will move to stay Civil Action Nos. 14-561-GMS and 14-727-GMS pending the

challenge by October 10, 2014 (the "Stay Motion"). Plaintiff may file an opposition within fourteen (14) days of the motion, and Bloomberg and Charles Schwab may file a reply within seven (7) days of the opposition and in accordance with Fed. R. Civ. P. 6 and CM/ECF rules. Briefing shall be completed by November 7, 2014 and a telephonic status conference on the Stay Motion shall be held at 1 p.m. on December 5, 2014. Plaintiff opposes the stay of these five actions pending challenges by only two of the defendants. The other three defendants intend to join in and support a stay.

2. **Rule 26(a) Initial Disclosures**. Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) by December 8, 2014.

3. **Infringement and Invalidity Contentions**.

(a) Initial Identification of Accused Products. By December 19, 2014, plaintiff shall preliminarily identify the accused products and the asserted patent(s) they allegedly infringe, and produce the file history for each asserted patent.

(b) Production of Core Technical Documents. By January 28, 2015, defendant shall produce to plaintiff the core technical documents related to the accused product(s), including, but not limited to, operation manuals, product literature, schematics, and specifications (if any).

(c) Initial Infringement Contentions. By February 27, 2015, plaintiff shall produce to defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.

   (d) <u>Initial Invalidity Contentions</u>.  By March 30, 2015, defendant shall produce to plaintiff its initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals and patents).

   (e) <u>Time Limitation on Discovery</u>.  Absent a showing of good cause, discovery shall be limited to a term of 6 years before the filing of the complaint, except that discovery related to asserted prior art or the conception and reduction to practice of the inventions claimed in any patent-in-suit shall not be so limited.

  **4.** **<u>Joinder of Other Parties and Amendment of Pleadings</u>**.  All motions to join other parties and amend the pleadings, except for motions to add a defense of inequitable conduct, shall be filed by April 30, 2015.  Motions to amend pleadings to add a defense of inequitable conduct may be filed by July 31, 2015.

  **5.** **<u>Reliance Upon Advice of Counsel</u>**.  At the current time, plaintiff has not asserted willful infringement (except as to defendant Interactive Data Corporation ("IDC")), and therefore there is no need for a deadline for defendants other than IDC to inform plaintiff whether they intend to rely upon advice of counsel as a defense to willful infringement.  IDC shall notify plaintiff by August 14, 2015 if it will rely on advice of counsel as a defense.  If IDC does so, it will produce such opinion by September 7, 2015.  With respect to the other defendants, if an assertion of willful infringement is later properly added, the parties are required to meet and confer in good faith to set a date for when defendants shall inform plaintiff whether they intend to rely upon advice of counsel as a defense to willful infringement and, if defendants elect to rely on advice of counsel as a defense to willful infringement, the date defendants shall produce to plaintiff any such opinions on which defendants intend to rely.

6. **Markman Claim Construction Hearing**. A Markman claim construction hearing shall be held on September 25, 2015 starting at 9:30 am. The Markman hearing is scheduled for a total of three (3) hours, with each side having 90 minutes. The parties shall meet and confer by May 27, 2015, regarding narrowing and reducing the number of claim construction issues. The parties shall exchange proposed terms for construction by May 1, 2015. The parties shall exchange proposed constructions by May 15, 2015. On or before June 12, 2015, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence. The plaintiff shall submit to the court, a Joint Appendix of Intrinsic Evidence (the "Joint Appendix") containing all intrinsic evidence relied upon in the claim construction briefing. Said appendix shall be filed by August 7, 2015. A sample table of contents of the Joint Appendix can be located on this court's website at www.ded.uscourts.gov. The Joint Appendix shall be filed within a week of the answering claim construction briefs. The parties shall file opening claim construction briefs on June 30, 2015, and answering claim construction briefs on July 31, 2015. Briefing will be presented pursuant to the court's Local Rules.

7. **Discovery**. All fact discovery in these cases is stayed through December 8, 2014 in view of the Stay Motion. If discovery proceeds following December 8, 2014, all fact discovery shall be initiated so that it will be completed on September 30, 2015. Opening expert reports on issues on which a party bears the burden of proof shall be served on the later of December 15, 2015 or within sixty (60) days of the Court's issuance of its Markman ruling. Rebuttal expert reports shall be served on the later of February 5, 2016 or within 45 days of service of the opening reports. Expert Discovery (including deposition) in this case shall be completed on the later of April 8, 2016 or within 60 days of service of rebuttal reports**.**

(a)     Discovery and Scheduling Matters.  Should counsel find they are unable to resolve a discovery[1] or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference.  Not less than forty-eight hours prior to the teleconference, the parties shall file with the court, via electronic means (CM/ECF), a Joint Letter Agenda, which is **non-argumentative**, not to exceed two (2) pages outlining the issue(s) in dispute.  A sample letter can be located on this court's website at www.ded.uscourts.gov.  After the parties have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the court should permit a fourth discovery teleconference.  Should the court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention.  The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**.  The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

(b)     Document Production.  Document production shall be substantially complete by May 29, 2015.

(c)     Requests for Admission.  Plaintiff may serve up to thirty-five (35) requests for admission on each defendant.  Each defendant may serve up to thirty-five (35) requests for admission on plaintiff.  There shall be no limit, however, on the number of requests for admission that each party may serve directed solely to the authentication of documents and things.  The parties are required to meet and confer in good faith prior to serving any requests for

---

[1] Unless the court otherwise orders, should counsel be unable to agree on the discovery of paper and electronic documents, the court's "Default Standard for Discovery, including Discovery of Electronically Stored Information" ("ESI") shall govern.

admissions directed solely to the authentication of documents and things to determine whether the requests are necessary and/or reasonable.

    (d) <u>Interrogatories</u>.  Plaintiff may serve up to ten (10) common interrogatories on defendants, including contention interrogatories.  Plaintiff may also serve up to fifteen (15) individual interrogatories on each defendant, including contention interrogatories.  Defendants are permitted to serve up to ten (10) common interrogatories on plaintiff, including contention interrogatories.  Each defendant may also serve up to ten (15) individual interrogatories on plaintiff, including contention interrogatories.

    (e) <u>Depositions</u>.

      (i) <u>Limitation on Hours for Deposition Discovery</u>.  Each side is limited to a total of one hundred and sixty (160) hours of taking testimony by deposition upon oral examination.  Plaintiff shall be limited to thirty-two (32) hours per defendant.  Each defendant shall be limited to thirty-two (32) hours.  Each party reserves the right to seek an adjustment of these time limits based upon changes to the scope of discovery, or the addition or dismissal of any parties, in this case.  These provisions, further, may be amended by agreement of the parties or upon order of the Court upon good cause shown.  Non-party depositions will not count toward these limitations; however the parties agree that the parties may each take up to thirty-five (35) hours of non-party depositions (excluding inventors).  Additionally, the parties may depose each alleged inventor for a total of 14 hours per inventor.  Expert depositions will not count toward these limitations.  If translation is needed for any deposition, twice as much time will be permitted for that deposition such that actual time for the translated deposition will only count as half time with respect to these limits.

(ii) <u>Location of Depositions</u>. The parties agree that in this case the depositions of party witnesses shall occur in the state where the witness's business office is located or at some other mutually agreeable location.

(iii) <u>Limitation on Hours for Expert Deposition Discovery</u>. The parties agree to meet and confer after the Markman hearing to discuss appropriate limits to expert discovery. In the absence of agreement, expert depositions will be limited to twelve (12) hours per expert, or twenty-four (24) hours per expert if the expert is addressing both invalidity and infringement.

8. **<u>Confidential Information and Papers filed under Seal</u>**. Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within ten (10) days from the date of this order. When filing papers under seal, counsel shall deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 7(a).**

9. **<u>Settlement Conference</u>**. Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. The parties shall wait to be contacted by the assigned United States Magistrate Judge.

10. **Summary Judgment**. Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than April 15, 2016. Answering letter briefs shall be no longer than five (5) pages and filed with the court no later than April 22, 2016. Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before April 29, 2016. If the Court determines that argument is necessary to assist in the resolution of any request to file a summary judgment, it shall notify the parties of the date and time on which the Court will conduct a telephone conference to hear such argument. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 10.**

11. **Case Dispositive Motions**. To the extent permitted, all case or issue dispositive motions shall be served and filed within two weeks of the Court's decision to permit the filing of such motions. Briefing will be presented pursuant to the Court's Local Rules. The parties may agree on an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court for the Court's approval. Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

12. **Applications by Motion**. Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF). Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13. **Oral Argument**.  If the Court believes that oral argument is necessary, the Court will schedule a hearing pursuant to District of Delaware Local Rule 7.1.4.

14. **Pretrial Conference**.  On June 1, 2016, beginning at 10:00 a.m., the Court will hold a Pretrial Conference, in Chambers, with counsel.  Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3).  A sample form of Pretrial Order can be located on this court's website at www.ded.uscourts.gov.  Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft.  Within fourteen (14) days of receipt of plaintiff's draft pretrial order, defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff s draft, as well as the information defendant proposes to include in the proposed pretrial order.

15. **Motions in *limine*[2]:  NO MOTIONS IN *LIMINE* SHALL BE FILED**; instead, the parties shall be prepared to address their evidentiary issues at the Pretrial Conference and during trial (before and after the trial day).  The parties shall file with the court the joint Proposed Final Pretrial Order in accordance with the terms and with the information required by the form of Final Pretrial Order, which can be located on this court's website at www.ded.uscourts.gov on or before close of business on May 2, 2016.

16. **Trial**.  These actions are each scheduled for a five-day jury trial beginning at 9:30 a.m. on June 20, 2016.

---

[2] The parties should simply list, in an Exhibit to be attached to the Pretrial order, the issues under a heading such as "Plaintiff's [name of party] List of Evidentiary Issues It Intends To Raise."

17. **Scheduling**.  The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel is on the line for purposes of selecting a new date.

_____
UNITED STATES DISTRICT JUDGE